## AGRICULTURAL INS. CO. OF WATERTOWN, N. Y., v. MORGAN–WOODWARD AUTO CO.
### No. 9137.

Court of Civil Appeals of Texas. San Antonio.

Oct. 11, 1933.

Rehearing Denied Nov. 8, 1933.

Thompson, Knight, Baker & Harris and Hubert W. Smith, all of Dallas, for appellant.

Fred Russi and George R. Thomson, both of San Antonio, for appellee.

SMITH, Justice.

This action was brought against the insurance company to recover upon an automobile theft policy issued by it to Morgan-Woodward Auto Company, a partnership, engaged in buying and selling new and used motor cars. From an adverse judgment the insurance company has appealed.

The policy was issued on October 12, 1925, and the alleged theft of the insured car occurred on December 8, 1925. This suit was commenced on an original petition filed on June 29, 1927, and was tried on an amended petition filed on February 8, 1932, and it is first contended by appellant that the amended petition presented, and the appellee recovered upon, a new and different cause of action than that set up in the original petition, and that the latter was barred by the four-year statute of limitation. We overrule this contention. The cause of action asserted in both petitions was identical as to parties, as well as in all allegations of essential facts, including the allegation that appellee was the owner of the car. The only difference in the two petitions was in appellee's allegations of the nature of its right of recovery under the policy declared upon in both petitions. In the original petition, after alleging its ownership of the car, appellee alleged that it had paid off a mortgage debt held against the car by a bank in Houston, and thereby became subrogated to the right of said bank to recover the amount of said debt, in accordance with a loss payable clause in the policy, in favor of said bank. In the amended petition appellee, after repeating all the other facts alleged in the original petition, omitted all allegations relating to subrogation, and sought recovery solely upon the ground of ownership. We are of the opinion that the cause of action thus asserted in the amended pleading was not so different from or foreign to that originally asserted as to constitute a new cause of action, within the contemplation of the statute of limitation. We overrule appellant's propositions 2 to 5, inclusive.

Appellant defended upon the ground, among others, that appellee had violated the unconditional ownership clause of the policy sued on. We overrule this contention, embraced in appellant's proposition No. 6. The record indicates appellee was an extensive dealer in automobiles which it was constantly buying and selling, and that the policy in question, in the amount of $150,000, was blanket in form, and contemplated coverage upon all cars which passed into appellee's ownership during the term of the policy.

Appellant complains that appellee failed to affirmatively allege or prove that the car in question was not lost under conditions which, under specific provisions of the policy, would excuse appellant from liability. We overrule the propositions in which this question is presented. The exceptions set up in this complaint were rendered wholly immaterial by reason of the fact that there was no relation between those exceptions and the actual loss. Had the record disclosed any applicability of those exceptions to the loss, then there might have been some merit to appellant's contentions, but not otherwise.

Appellant presents other propositions, but they are without merit, and are overruled.

The judgment is affirmed.